[Sac. No. 99.   Department Two.—October 3, 1896.]

HENRY WOLTERS ET AL., RESPONDENTS, v. A. HEN-- NINGSAN ET AL., APPELLANTS.

CORPORATION—BUSINESS OF DISTILLING—PAYMENT OF FEDERAL TAXES— CONTRIBUTION BETWEEN SHAREHOLDERS.—Under section 3251 of the Revised Statutes of the United States, all the stockholders of a corporation, as individuals, are jointly and severally liable for federal taxes upon the spirits distilled by the corporation, which is engaged in the business of distilling brandy and proof spirits; and where some of the stockholders have been compelled to pay and have paid the whole of such taxes, they are entitled to maintain an action to compel other stockholders to contribute their proportionate share of the payment thus made.

ID.—SEIZURE OF DISTILLERY—COSTS OF PROCURING RELEASE—PLEADING. Costs paid by stockholders, for procuring a release of the distillery belonging to the corporation after seizure of it by officers of the United States government, cannot be made the subject of contribution from other stockholders; but where they are not allowed in an action for contribution, the averment of them in the complaint is immaterial.

ID.—JUDGMENT IN ACTION TO ENFORCE TAXES—PARTIES—EVIDENCE.—A judgment rendered in an action to enforce federal taxes against the plaintiffs, admitted in evidence merely for the purpose of showing that the plaintiffs were compelled to pay the taxes, is not the bar of an action for contribution, and is not objectionable because the defendants were not parties thereto.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. J. R. WEBB, Judge.

The facts are stated in the opinion of the court.

*Sayle & Coldwell,* and *E. S. Van Meter,* for Appellants.

*Frank H. Short,* and *George B. Graham,* for Respondents.

McFARLAND, J.—Plaintiffs recovered a money judgment against the defendants, and the defendant, Blasingame, appeals from the judgment. He also gave notice of an appeal from an order denying a new trial, but it seems to be admitted that the notice of the motion was not made in time, and the brief of his counsel asks for a reversal upon the grounds of the insufficiency of the complaint and of the findings.

The plaintiffs and defendants were all stockholders in a certain corporation called the Fruit Vale Wine and Fruit Company, which was engaged in the business of distilling brandy and proof spirits. This action is brought by plaintiffs to enforce contribution from defendants as such stockholders, on account of money paid by plaintiffs to the government of the United States for certain taxes which said corporation should have paid for the spirits distilled by it. Judgment was rendered against the defendants for twelve thousand one hundred and fifty-eight dollars and twenty cents, which was proportioned among the defendants in accordance with the number of shares of stock held by each.

The proposition that a stockholder in a corporation engaged in distilling is a person "interested in the use of" the still, etc., owned by the corporation and used in its business, within the meaning of section 3251 of the Revised Statutes of the United States, was determined by this court in the case of *Richter* v. *Henningsan*, 110 Cal. 530; and also that such stockholder is liable to contribution to other stockholders who have been compelled to pay taxes upon the spirits distilled by such corporation. But, as was said in that case: "We must not confound the liability of a stockholder in a corporation under the law of its creation, with that imposed upon him by the act of Congress. His liability under the latter is quite independent of the former, and is just what the act of Congress has imposed upon him." When, therefore, certain stockholders of such a corporation have been compelled to pay, and have paid, taxes for

which the corporation is liable, they may compel other stockholders to contribute their share of the payment thus made; but this liability is not in the nature of an assessment upon a stockholder under our incorporation laws, but upon the theory that under said section of the Revised Statutes all the stockholders as individuals are jointly and severally liable for the tax.

It is contended by appellant that in the case at bar both the complaint and the findings are insufficient to warrant or sustain the judgment. The complaint contains some long sentences considerably involved and somewhat difficult to follow; and the same may, in some measure, be said of the findings. But looking through them we think that enough can be detected to maintain the judgment. There are some averments in the complaint which should not have been there; but they were immaterial, and were not considered by the court in fixing the amount of the judgment. For instance, it is alleged that the officers of the United States government seized and took into its possession the distillery of said corporation, together with all the property connected therewith, including several acres of land, and that, in order to procure a release of said property, it was necessary to pay certain costs incurred on such proceeding, amounting to a considerable sum of money, which the plaintiffs in this case paid; and we see no grounds upon which said costs, voluntarily paid by the plaintiff to release said property, could be recovered in this action. Whether or not the plaintiffs could recover that sum of money against the corporation, or against defendants, upon regular assessments made by the corporation, is not a question which here arises, for it is not an obligation created by said section of the United States Revised Statutes. But the court did not consider that item at all in rendering its judgment, and, therefore, the defendants were not prejudiced by that averment being in the complaint. The United States also brought an action against the plaintiffs in this case for taxes upon spirits distilled by said corporation, which it had not returned

to the government and had neglected and refused to pay, and it is averred in the complaint that in that action the government recovered a certain sum of money against the plaintiffs in this present action, who were defendants in that action; and appellant contends that the judgment in the case at bar is founded solely upon said judgment recovered by the United States, and that as the appellant was not a party to that action he is not bound by it. We do not understand, however, that the present judgment is based upon said judgment in favor of the United States, but that the latter, together with an execution which was issued upon it and levied on plaintiffs' property, was admitted in evidence merely for the purpose of showing that the plaintiffs in the present action were compelled to pay the amount of taxes which they did pay. We think that the complaint sufficiently shows that the said corporation, during the months of August, September, October, November, and December of the year 1887, distilled a large amount of spirits, upon which it neglected and refused to pay the taxes owing to the government, which taxes the plaintiffs were compelled to pay. The court found that the amount of spirits so distilled, which was not reported and upon which the taxes were not paid, was twenty thousand five hundred gallons. The tax due to the government upon said amount of distilled spirits would be in excess of the judgment rendered for said taxes in this case; but the court also found that the amount for which judgment was rendered in the suit brought by the United States, which plaintiffs were compelled to pay, and did pay, was the sum of fifteen thousand nine hundred and sixty-nine dollars and eighty cents; and this last sum was made the basis of the judgment in this present action. From this last-named sum the court deducted the proportion which should be borne by the plaintiffs and certain other persons, who were not made defendants herein, which left the sum of twelve thousand one hundred and fifty-eight dollars and twenty cents, for which judgment was entered against the defendants in propor-

tion to their shares.   Under these circumstances we see no reason for reversing the judgment.   The findings sufficiently show that appellant is liable for, at least, his proportionate share of that part of the delinquent taxes of the corporation which the respondents were forced to pay by the said judgment and execution in favor of the United States.   We see no other points which call for special notice.

The judgment and order appealed from are affirmed.

TEMPLE, J., and HENSHAW, J., concurred.