W. H. HINSHAW v. W. A. AUSTIN *et al.*

**No. 12,543.**    (67 Pac. 882.)

SYLLABUS BY THE COURT.

CORPORATIONS—*Contribution among Stockholders.* Where certain stockholders in a corporation guarantee the payment of promissory notes of the corporation, and, upon the notes being reduced to judgments, part of such stockholders pay the judgments, they can maintain an action for contribution against both their co-stockholders who guaranteed payment of the notes and those who did not guarantee such payment, and recover from each of them his *pro rata* share of corporate debts so paid.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed February 8, 1902. *In banc.* Affirmed.

*W. M. Whitelaw*, and *F. S. Whitelaw*, for plaintiff in error.

*W. G. Fairchild*, and *James McKinstry*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: Defendants in error, stockholders in an insolvent corporation, the Sylvia Milling Company, with a capital stock of $12,000, held in unequal amounts, guaranteed promissory notes of said corporation aggregating $1500. Upon default of payment, the holders of these notes reduced the same to judgments, less credits thereon. Defendants in error, Austin, Thompson, and Vendig, paid these judgments, and brought this action for contribution against their coguarantors, and also against plaintiff in error, as stockholders of said corporation, to recover from each his proportionate share of the debts of the company paid in the satisfaction of said judgments, as evidenced by the several shares of stock held by the parties. All of the defendants, with the exception of plaintiff in error, were defaulted. The claim made against plaintiff in error for contribution is that by the purchase of $7000 of the capital stock in said corporation from defendant Burnett, after the making of said promissory notes by the company, he became a stockholder in the company, liable for seven-twelfths of the amount of judgment debts paid for the company.

Plaintiff in error denies the purchase of this stock or that he was a stockholder in the company, and this, the only disputed question of fact at the trial, was submitted to a jury, and by the jury found against him. This finding of the jury was by the court ap-

proved, and judgment of contribution entered against him, of which he seeks a reversal.

The right to contribution and the ground of recovery in this case are based upon section 1314 of the General Statutes of 1901, which reads :

"If any stockholder pay more than his due proportion of any debt of the corporation, he may compel contribution from the other stockholders by action."

It is first contended by counsel for plaintiff in error that this action of contribution cannot be maintained in this case for two reasons : (1) Because in the payment of the judgments the stockholders here seeking contribution were paying their own debts, the obligation of which was fixed by their contract of guaranty, and that the payment of such debts of the corporation will not uphold an action for contribution from non-paying shareholders under the statutory provision quoted ; (2) that the liability of stockholders for the debts of the corporation, prescribed by the constitution, is not self-enforcing, and, that, under our statutory provisions, a remedy can only be enforced in separate actions against each stockholder. The case of *Abbey v. Dry-goods Co.*, 44 Kan. 415, 24 Pac. 426, and kindred cases, are cited in support of this contention. Section 2 of article 12 of the constitution provides :

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law ; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

As has been held by this court in the recent case of *Woodworth v. Bowles*, 61 Kan. 569, 60 Pac. 331, the constitutional provision is not self-operative, but must be regarded as a direction to the legislature to provide

a remedy for the enforcement of the liability created.' It has also been many times declared by this court that when a creditor seeks to compel satisfaction of his claim against a corporation by resorting to the individual liability of stockholders created by this constitutional provision, such right of action, under statutory provisions, is several, and the shareholders must be proceeded against each in a separate action. (*Abbey v. Dry-goods Co.*, supra ; *Pierce v. Security Co.*, 60 Kan. 164, 55 Pac. 853.)

But are the statutory provisions for the collection by creditors of corporate debts from the security afforded by the constitutional liability of shareholders, and the decisions on such statutory provisions, controlling here? We think not. The right to contribution is purely equitable, founded upon equitable grounds and granted only upon equitable considerations. It has always been the rule of equity that all parties in interest must be brought in, to the end that the decree rendered may be conclusive and final, and the rights of all parties fully investigated, adjusted, protected, and determined. In the case at bar the insolvent corporation is the principal debtor. Plaintiffs, as stockholders in the corporation and as guarantors on its paper, paid the judgments rendered. By such payment they relieved themselves from their contractual obligation to pay the debt, but they also relieved plaintiff in error, if a stockholder, from his liability to respond to the judgment creditors of the corporation for the full amount of the judgments, the par value of his stock being more than the amount of the judgments paid. Why then, in equity, should he not respond to those making payment? Does he not fall within the express terms of the statute? The statute is only declarative of the rule which, in its absence, would

obtain in this case. In 7 American and English Encyclopedia of Law, page 363, it is said:

"The stockholders of a corporation are preeminently persons having a common interest and charged with a common burden, and if one, without his own fault, is compelled to pay a debt of the corporation, he can recover contribution from the others."

Mr. Cook, in his work on Stock and Stockholders (3d ed.), section 227, says:

"Upon general principles of equity, where a shareholder has been held liable, under the provisions of a statute, for a debt of the corporation of which he is a member, he may maintain an action against his co-shareholders for contribution."

In both of these works many cases are cited in support of the text quoted. In the case of *Perkins v. Sanders*, 56 Miss. 734, it was said:

"In settling the equities between the stockholders, each should be made to contribute in proportion to the amount of his stock, and if the complainant himself be a stockholder, he should be made to contribute his share to his own debt, and to all other debts which may be established."

In the case of *Brown v. Merrill*, 107 Cal. 446, 40 Pac. 557, 48 Am. St. 145, it was held that a creditor-stockholder in a corporation may maintain an action against other stockholders in the same corporation for their *pro rata* share of its debt, under a statute imposing liability on stockholders for their respective proportions of the debts of the corporation. In *Polk v. Reynolds et al.*, 54 Ind. 449, the court said:

"Where a member of a ditching association is employed by and performs labor for such association, the other members thereof, as individuals, are jointly liable to him for their proportionate share of the value of such labor."

In *Umsted v. Buskirk et al.*, 17 Ohio St. 113, it was held :

"The right of contribution grows out of the organic relation existing among the stockholders.  As between them and the creditors, each stockholder is severally liable to all the creditors ; as between themselves, each stockholder is bound to pay in proportion to his stock." (See, also, *Callanan v. Windsor*, 78 Iowa, 193, 42 N. W. 652 ; *Wolter v. Henningsan*, 114 Cal. 433, 46 Pac. 277 ; *Wincock et al. v. Turpin*, 96 Ill. 135 ; *Buchanan v. Meisser*, 105 id. 638.)

It would also seem from the authorities that, where the equitable right of contribution exists in favor of a stockholder who has paid more than his just proportion of the corporate debts, an action for contribution against his costockholders must be brought against all the stockholders and cannot be maintained against a single stockholder.   In *Beers v. Waterbury*, 8 Bosw. 396, it was held :

"A stockholder of a corporation holding a claim against it for which the stockholders are individually liable cannot recover upon it in an action against one of the stockholders individually.   He can only set up the claim in a proper action against the stockholders generally for a contribution."   To like effect are *Clark v. Myers*, 11 Hun, 608, and *Hadley v. Russell*, 40 N. H. 109.

We therefore conclude, upon both principle and authority, that stockholders in a corporation, having paid more than their just proportion of the corporate debts, are entitled, both by reason of the statutory provision above quoted and upon general equitable principles, to recover from their costockholders, individually liable by virtue of the constitution, in proportion as the shares of stock held by each bears to the entire corporate stock, so long as the constitu-

30—64 KAN.

tional liability of the stockholders against whom contribution is sought remains to creditors for corporate debts.

But one question remains. Did plaintiff in error become a stockholder? This question of fact was submitted to and found by the jury against plaintiff in error. This finding of the jury was adopted by the court. We have read the evidence, and find not only a conflict therein, but are of the opinion that this finding is supported by the great weight of testimony. It follows that this finding cannot be disturbed, and the judgment must be affirmed.

All the Justices concurring.