FRANK C. BURKE, RECEIVER, APPELLEE, v. R. SCHEER ET AL., APPELLANTS.

FILED APRIL 8, 1911. No. 16,326.

1. Insurance: INSOLVENCY: SUIT TO ENFORCE LIABILITY OF MEMBERS. A single suit in equity cannot be maintained by the receiver of an insolvent mutual hail insurance company, organized under chapter 43, Comp. St. 1909, against all of the policy-holders of such insolvent company, for the separate liability of each policy-holder for unpaid assessments, whether levied by the directors of the company before insolvency, or by the court thereafter, on the ground that such single suit would prevent

a multiplicity of actions at law; nor can such a suit be main-
tained on the ground that it is ancillary or auxiliary to the
main insolvency proceeding; nor upon the ground that the
money when collected would become part of a fund that would
be distributed under the direction of the court, since no ques-
tion is involved in whch the defendants have a common interest,
and the suit is merely an aggregation of separate actions at law,
each involving separate issues and having no relation to each
other, except that there is a common plaintiff, and in each of
which the remedy at law is adequate, and is the remedy pointed
out by the statutes governing such companies.

2. ———: ———: ———: PROCESS. Nor can the receiver join in
one action all policy-holders or members of such company who
are severally liable for individual unpaid assessments, those
who reside in counties other than the county where the suit is
brought, as well as those who reside within such county, and
issue summons to such other counties to obtain service upon
such nonresidents.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Reversed with directions.*

*Hainer & Smith* and *G. F. Rose,* for appellants.

*E. P. Holmes* and *G. L. De Lacy, contra.*

FAWCETT, J.

The Mutual Hail Insurance Society, a corporation or-
ganized under the provisions of "An act to authorize the
organization of Mutual Hail Insurance Companies"
(Comp. St. 1909, ch. 43), which for the sake of brevity will
be designated the company, was, on February 19, 1908, by
the district court for Lancaster county, adjudged insolv-
ent, and plaintiff was appointed receiver. The court
found the liabilities of the company to be $13,277.95.
There being no funds in the hands of the receiver with
which to pay these liabilities, the court made an assess-
ment upon the policy-holders of the company, 254 in num-
ber and residing in many different counties, of $1.25 an
acre for the number of acres covered by their several
policies. The receiver was then instructed to bring suit

against all the policy-holders. Only three of the policy-holders were residents of Lancaster county. The receiver brought this suit in the district court for Lancaster county against all of the 254 policy-holders, and had summons directed to the sheriff of each of the outside counties where any of the policy-holders resided. The defendant, George Sporl, for a separate answer alleged that, at the time of the commencement of this action and for a long time prior thereto and ever since, he was and has been a resident of Nance county; that the only defendants in this suit residing within the county of Lancaster at the time of the commencement thereof were Charles Newman, J. W. Jacoby, and G. M. Coffman; that the summons for the answering defendant was issued by the clerk of the district court for Lancaster county, directed to the sheriff of Nance county, and by said sheriff served upon said defendant in said Nance county; that no other service was made upon him, and that he has made no voluntary appearance in said cause; that the petition does not set forth any joint liability against the answering defendant, or the said defendants or either of them residing in Lancaster county, and that the answering defendant is not and was not jointly liable with the defendants residing in Lancaster county or any of the defendants mentioned in the petition for any sum of money whatever. Wherefore said defendant "challenges the jurisdiction of the court over his person, and alleges the fact to be that said action is not rightly brought against him in said Lancaster county."

A general demurrer to the answer was sustained, and, defendant electing to stand upon his answer, judgment was entered against him for $146.25, from which judgment he prosecutes this appeal.

The main grounds assigned by plaintiff as a basis for his right to join these 254 actions at law in one suit in equity, and to send process for 251 of the defendants to the numerous outside counties in the state, are: That the company issued to each of the defendants, on or about

the day mentioned in their respective applications, a policy of insurance insuring him against loss or damage to his crops, "which several policy each one of the defendants received and now holds, and each of the defendants, by virtue thereof, is a member of the said Mutual Hail Insurance Society of Nebraska; that each of the defendants duly signed and delivered to the said corporation * * * an application in writing, and became thereby bound and holden, as is provided by law, for his ratable share of all the losses and expenses of said society incurred while he was a member, and each of the defendants is indebted to the said corporation and its creditors in the specific sum so assessed against him;" that the aggregate sum of all the individual assessments of the defendants, if realized, would be more than sufficient to pay the costs and the principal and interest due the creditors; but that certain of the defendants have removed from the state, and others are insolvent; that in order to make a just, ratable and equitable distribution among the members of the burden of said corporate debts, a court of equity should take into account the losses in collections that will result from such removals and insolvency, "and, upon rendition of judgments for the full amounts of said assessments, plaintiff will submit to the court whether execution should immediately issue for the full liability, or whether, in the first instance, an execution for a part only thereof would be considered adequate for the collection of a sum sufficient to discharge all of the said liabilities and costs;" that this suit is ancillary only to the main receivership suit; that the funds to be derived from the proceedings are trust funds for equal and ratable distribution among the creditors, and the application and distribution thereof should be ordered and directed by a court of equity; that separate and independent actions at law against each of the defendants would require a multiplicity of law suits, "and would lead to excessive and interminable complications, and inflame and excessively aggregate the costs of administering the

affairs of said corporation, so as to become burdensome upon said trust, in that costs of separate suits and costs of reputable counsel or attorneys would necessarily equal or exceed in most cases the entire avails of individual actions commenced in justice court, with right of successive appeals to the supreme court; that attempts to enforce said liabilities by such separate suits would leave open to controversy an issue in each separate suit as to the necessity of enforcing said assessment in full, and as to whether the amount of all the unpaid debts sufficiently justified the enforcement of said full assessment against each individual member;" that in all of the aforesaid respects plaintiff is without an adequate remedy at law, and that the collection of sums necessary to discharge said debts can only be made in equity, and the affairs of the company can only be administered by and through the aid of a court of equity. The prayer of the petition is that the court may inquire and determine that the defendants are members of the company, ascertain the particular time for which they carried insurance, the particular debts accruing against the company during the term of membership of each of the defendants, and fix and decree the amount of the liability of each one of the defendants; "that a several judgment be entered in favor of plaintiff and against each one of the defendants found liable as a contributory upon said assessment to the payment of the corporate debts of the said Mutual Hail Insurance Society of Nebraska and the costs of this proceeding, and that execution be awarded against each defendant for the amount so found due from him, or, if the sums apparently collectible upon said judgment should appear to the court to be in excess of that required for the payment of said debts and costs, then the amount for which execution shall issue in the first instance against each defendant may be ascertained and determined by the court."

It will be observed that the petition expressly alleges that the company "issued to each one of the defendants"

a "several policy" upon his individual application, and that "each of the defendants" is indebted to the said corporation and its creditors "in the specific sum" so assessed against "him," and that in the prayer the court is asked to ascertain "the particular term" for which each policy-holder carried insurance that the court decree the amount of the liability of "each one of the defendants," and that "a several judgment" be entered in favor of plaintiff and "against each one of the defendants." It is apparent, therefore, that plaintiff is seeking in this suit in equity to obtain 254 judgments at law. Section 121, ch. 43, Comp. St. 1909, governing companies of this character, provides: "Such companies may issue policies only on growing crops, insuring against damage or loss by hail, and for any time not beyond the life of its charter. * * * All persons insured shall make application in writing, obliging (obligating) themselves to the company for the payment of losses and expenses as required by the by-laws of the company. The liability of the members may be limited by the by-laws, provided that if the total amount collected in any year shall be insufficient to pay all losses and expenses for that year, then the persons sustaining losses shall receive their proportion of the fund realized from the assessment, in full satisfaction of their loss; and no member shall be required to pay more than the amount of his obligation." No by-laws are shown to have ever been adopted, and it is argued by plaintiff that, because the liability of the members has not been limited by the by-laws, therefore their liability is unlimited, and that each member or policy-holder is personally liable for all of the debts of the company. The trouble with this contention is that the statute quoted fixes a maximum liability, viz., "and no member shall be required to pay more than the amount of his obligation." No limitation less than that fixed by the statute having been fixed by the by-laws of the company, it may be conceded that each policy-holder would be liable for the company's debts to the full amount of his obligation,

but that does not render him liable for the entire debts of the company. It would be hard to conceive how any such company could induce substantial and conservative farmers to insure their growing crops when by so doing they would incur such a liability.

Section 124 of the act under which the company was operating provides: "Suits at law may be brought against any member of such company who shall neglect or refuse to pay any obligation given by him or her according to the provisions of this act, and the directors or officers of any company so formed who shall wilfully refuse or neglect to perform the duties imposed upon them by the provisions of this act shall be liable in their individual capacity to the person sustaining such loss." The legislature has, therefore, prescribed both the maximum of a member's liability and the form of action by which the payment of that liability may be enforced; and we do not think the fact that the company has become insolvent can in any manner enlarge such liability or change the form of action which may be resorted to for its enforcement. The claim that the present suit will avoid a multiplicity of suits is without merit. Except as it may operate as a "big stick" in preventing policy-holders from defending the suit at long range, it would not materially lessen the litigation, as each defendant would have a perfect right to employ counsel, set up his separate and independent defenses, and demand a separate jury trial. *Hale v. Allinson,* 102 Fed. 790, affirmed in 188 U. S. 56; High, Receivers (4th ed.) sec. 316; *Republic Life Ins. Co. v. Swigert,* 135 Ill. 150; *Winters v. Armstrong,* 37 Fed. 508; *Smith v. Johnson,* 57 Ohio St. 486; Smith, Receiverships, sec. 231.

The cases cited by plaintiff, from this and other courts, to the effect that a creditor of an insolvent corporation cannot bring a separate action against an individual stockholder of such corporation for the unpaid portion of his stock subscription, but that a receiver should be appointed to bring suit for the benefit of all the creditors,

are not in point here.   Nor can any of those cases be held to apply to a case like this, where the statute itself has fixed the kind of action that may be resorted to.   The reason for those holdings is apparent.   If each of the 55 creditors in this case were permitted to commence a separate action against each of the 254 policy-holders, and each of the 254 policy-holders, in order to avoid paying more than his ratable proportion of the indebtedness, should be compelled to bring an action for contribution against each of his 253 copolicy-holders, the courts of this state would be kept busy for a number of years to come in disposing of this litigation.   The court in this case did right. in instructing the receiver to collect from the policy-holders, by suit if necessary, the amounts due from them under their contracts with the company; but it would not be warranted in ordering, nor do we understand from the allegations of the petition that it did in fact order, the receiver to proceed against all of the defendants by a suit in equity.   It is the duty of the receiver to obey the order of the court, but in so doing the constitutional rights of each defendant must be recognized, and he will have to proceed by separate actions at law in which each defendant may have the right to defend his own suit free from the embarrassing presence of other defendants with whom he has no joint liability. The fact that this may be expensive and may result in the creditors failing to receive payment of their demands in full is a circumstance which cannot be considered.   There is ample authority to sustain our holding, in addition to the cases above cited, but we do not deem it necessary to take the time or to enlarge this opinion by a reference to them.

The judgment of the district court. is reversed and the cause remanded, with directions to overrule plaintiff's demurrer.

REVERSED.