E. D. McCALL, RECEIVER, APPELLEE, v. RICHARD BOWEN ET AL., APPELLANTS.

FILED APRIL 20, 1912.    No. 16,922.

1. Insurance: MUTUAL COMPANIES: INSOLVENCY: PROCEEDINGS AGAINST MEMBERS. An action by the receiver of a mutual insurance company, organized under chapter 46, laws 1899, against the members to recover an assessment made by the court in order to pay the liabilities of the insolvent corporation may properly be brought in a court of equity in the same manner as an action by the receiver of a stock corporation against its stockholders for a like purpose, and, in such case, summons may be issued out of the county in which the action is brought to any other county in the state in which a defendant resides or may be summoned.

2. Limitation of Actions: MUTUAL INSURANCE COMPANIES: SUIT BY RECEIVER. Where the directors of such a corporation, before it was declared insolvent, levied certain assessments which were invalid because not made in accordance with law, and which were afterwards set aside by the district court in the proceedings to wind up the affairs of such corporation, the cause of action against members for assessments made by the receiver under

19

the direction of the court was not barred, although the invalid assessments were made more than four years before the latter.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

E. P. Holmes, George L. De Lacy, J. F. Fults, J. C. McNerney, F. A. Berry, F. D. Hunker, W. L. Kirkpatrick, J. W. Purinton, E. R. Hitchcock and Tibbets, Anderson & Baylor, for appellants.

E. J. Clements, contra.

LETTON, J.

The Hog Raisers Mutual Insurance Company of Lincoln, Nebraska, was organized in April, 1899, under chapter 46, laws 1899. It did business from its organization until June, 1900, during which time it issued about 560 policies. Losses were sustained which were adjusted, audited and allowed by the company. On the 6th day of June, 1900, there was more than $6,000 due and unpaid on the same. Judgment was recovered by a policy holder on an unpaid loss and an execution issued thereon which was returned wholly unsatisfied. Afterwards, the creditor began an action in the district court for Lancaster county, alleging the insolvency of the company, the issuance and return of the execution, that the officers of the company have failed and neglected to enforce the statutory liability of the members, or to collect from them the necessary funds to pay the judgment and the other unpaid losses, and praying for the appointment of a receiver.

Pursuant to this application the plaintiff was appointed receiver, and was authorized to make any and all assessments necessary to pay all valid obligations existing against the company, including the costs and expenses of the receivership, and to collect the assessments by suit or otherwise. In the receivership proceedings claims to the

amount of $8,721 were presented, heard by the court, and allowed. Afterwards, the receiver, in pursuance of an order of the court, made an assessment upon each of the members for his proportionate share of the amount necessary to defray the losses and expenses. This assessment was approved, adopted and confirmed by the court, and the receiver was ordered and directed to collect the same. A number of members paid the assessment, but a large number refused to pay. This suit is brought to recover this assessment.

The petition herein alleges that the assessments as made would be sufficient to meet all claims and assessments, but that certain of the defendants have removed from the state, and others are insolvent, and that it is necessary that a court of equity take into account the losses that will necessarily result from these facts, and that, upon rendition of judgment for the full amount of the assessment, the court should determine whether execution should issue for the full liability, or whether in the first instance an execution for a part only will be adequate for the collection of the necessary amount. It is further alleged that this action is ancillary to the suit brought to wind up the affairs of the company, that separate and independent suits against each of the members would require a multiplicity of suits and excessive and unnecessary expenses, and that the plaintiff is without an adequate remedy at law. The prayer is that a several judgment be entered against each of the defendants, that the court ascertain the amount for which execution shall issue in the first instance against each defendant, and for such other relief as may be equitable.

A large number of the defendants live and were served in Lancaster county, but many are residents of other counties. Judgment was entered by default against a number of defendants. Trial was had as to the others who were served and judgments rendered against them. Eighty defendants have appealed to this court. Special appearances objecting to the jurisdiction were made and

demurrers were filed by a number of defendants residing in other counties than Lancaster upon three grounds. These demurrers for the most part set forth, first, a general demurrer; second, that the statute of limitations had run; third, that the causes of action were improperly joined. The special appearances and demurrers were overruled, but the same objections were carried forward into the answers. The answers plead certain assessments made by the directors while in control of the company, that such assessments were sufficient to cover and pay the losses sustained and the expenses incurred up to their respective dates, that the assessments now sought to be collected are to cover the same losses as the assessments made by the directors, and that the cause of action is barred by the statute of limitations.

In reply the plaintiff alleged that the assessments attempted to be made by the directors were void, and, further, that the prior assessments were by the court declared invalid and set aside and all payments made upon the same were credited to the member so paying.

The appellants argue and rely upon the propositions that the court erred in overruling the special appearances and the demurrers for the lack of jurisdiction over the person of defendants; that the cause of action is barred; and that, there being no proof of signature to the application, the evidence does not sustain the judgment.

The question as to whether the court erred in overruling the special appearances and the demurrers depends upon the question whether this is a proceeding in equity, in which all of the defendants have a common interest and where the powers of the court may be invoked to increase or diminish the amount each defendant may be compelled to contribute in order to pay the losses and expenses, or whether it is an action at law in which each defendant is entitled to a jury trial. This question must be determined from a consideration of the statute under which the corporation was organized and whereby the rights, duties and liabilities of its members were fixed. If the policy

holders in a mutual insurance company organized under
the act of 1899 are, in point of fact, stockholders in the
corporation, although not so denominated either in the
suit or in other dealings with the company, their rights
and liabilities are fixed by that relation.  Under section
2 of the act all persons who take insurance in the com-
pany become and continue members during the period
their insurance is in force and no longer, and it is pro-
vided that they shall sign an application obligating them-
selves to pay all assessments made for losses and ex-
penses while they continue members.  Section 4 provides,
in substance, that each member may vote in person or
by proxy for as many persons as there are directors to be
elected, or to cumulate his votes or distribute them as he
may think fit; section 9, that a member may be sued for
failure to pay an assessment for 30 days after personal
notice of the same; section 14, that any member may
withdraw by giving notice of the surrender of his policy
*"and paying his or her share of all unpaid claims or lia-
bilities of such company for losses or expenses accruing
while a member;"* section 15, "Bodies Corporate.  Such
company shall be deemed a body corporate with succes-
sion, and shall possess the usual powers and be subject
to the usual duties of corporations within the limitations
of this act."  The liabilities of a member of a company
organized under this act are fully as great as those of a
stockholder in an ordinary stock corporation.  It is im-
material whether the members of this body corporate be
designated as members or stockholders, because during
the term that their policy of insurance covers they are as
essentially members of the corporate body as owners of
stock in a stock corporation are of such a corporation.
2 May, Insurance (4th ed.), secs. 548, 549; *Huber v.
Martin,* 127 Wis. 412; *Commonwealth Mutual Fire Ins.
Co. v. Hayden Bros.,* 60 Neb. 636; *Straw & Ellsworth
Mfg. Co. v. Kilbourne Boot & Shoe Co.,* 80 Minn. 125;
*Morgan v. Hog Raisers Mutual Ins. Co.,* 62 Neb. 446;
*Swing v. Karges Furniture Co.,* 123 Mo. App. 367.

Having reached the conclusion that the policy holders are, in their relation to the corporation and in respect to their liabilities thereto, virtually stockholders and that they occupy with respect to the unpaid assessments the same position with reference to the corporation debts that stockholders whose subscriptions are unpaid do in stock corporations, the question as to the proper method of collecting funds to pay the liabilities after the corporation is insolvent and has passed into the hands of a receiver is easily solved. In this jurisdiction it is settled law that such an action must be brought in equity by the receiver against all of the stockholders jointly. It would be a useless repetition to set forth at length the reasons for this rule. They may be found plainly set forth in the opinions in the following cases: *Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353; *German Nat. Bank v. Farmers & Merchants Bank,* 54 Neb. 593; *Emanuel v. Barnard,* 71 Neb. 756; *Brown v. Brink,* 57 Neb. 607; *Van Pelt v. Gardner,* 54 Neb. 701; *Fremont Package Mfg. Co. v. Storey,* 2 Neb. (Unof.) 325; *Reed v. Burg,* 2 Neb. (Unof.) 117.

Appellants rely upon the opinion of this court in *Burke v. Scheer,* 89 Neb. 80, but that case is not in point. The insurance company involved in the *Scheer* case was organized under a different statute which limits the liabilities of the members to the amount of the obligations expressed in the application, which provided that members could not be compelled to pay more, and also prescribed the form of action·by which such liability could be enforced.

We are satisfied that a court of equity is the proper forum, and that summons may issue out of the district court in Lancaster county to any county in this state wherein one of the defendants resides or may be summoned; and that proper service therein will vest the district court for Lancaster county with jurisdiction.

It is next contended by a number of the appellants that the statute of limitations had run upon the cause of action against each of said defendants. The argument is made

that because the directors in 1899 and 1901 made certain assessments for the purpose of paying some of the same claims which were allowed by the court, and to pay which the assessment sued upon was levied, the cause of action accrued, and that to the amount of such assessment the bar of the statute has fallen.  These assessments were not paid by the appellants.  The record discloses that the assessments made by the directors did not comply with the requirements of the statute, in that they did not confine the liability of each member to the losses sustained during the time covered by his policy, and that, recognizing this fact, the attempt to enforce their payment was afterwards abandoned.  The assessment was one which the board of directors had no power to make, and which they could not compel a member to submit to if he chose to resist the payment.  Such an assessment could have no binding force, and cannot be set up as a defense against an attempt by the receiver to collect sufficient funds to pay the just debts of the corporation.  *Davis v. Oshkosh Mutual Fire Ins. Co.*, 82 Wis. 488; *Great Western Telegraph Co. v. Burnham*, 79 Wis. 47; *Bowen v. Kuehn*, 79 Wis. 53; *Union Savings Bank v. Leiter*, 145 Cal. 696, 79 Pac. 441. Moreover, upon a showing made by the receiver in the principal case and upon his application, the district court found "that all the assessments made by the defendant upon its members were irregular and not in conformity with the provision of the statute of Nebraska, and should be and the same are hereby set aside."  We are of opinion that this finding and decree, having been made in a direct proceeding to which the corporation was a party, is binding upon all of its members and cannot be collaterally attacked in this ancillary proceeding.  The appellants are as much bound by the proceedings of the district court in this respect as they are with respect to the allowance of claims against the corporation and to the amount of the assessments necessary to be made.  We are of opinion that the statute of limitations is no bar to this proceeding in this respect.

From an examination of the pleadings and the evidence, we are satisfied that the claim that there is not sufficient proof that the defendants signed the application is untenable. We think it unnecessary to set out at length the pleadings referred to or the evidence, but it is sufficient to satisfy us that the decree of the district court in this respect is correct.

We find no error in the record, and the judgment of the district court is

AFFIRMED.