JOHN A. RANDALL, RECEIVER, APPELLEE, v. W. H. MC-CLAIN ET AL., APPELLANTS.

FILED OCTOBER 17, 1913.    No. 17,174.

Insurance: MUTUAL COMPANIES: INSOLVENCY: PROCEEDINGS AGAINST MEMBERS. Record examined, and *held* that the case at bar is ruled by *McCall v. Bowen*, 91 Neb. 241.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Stewart, Williams & Brown, Shepherd & Ripley, Baldrige, De Bord & Fradenburg, J. C. Dort, A. D. McCandless, P. W. Scott, L. E. Roach, Brown & Venrick* and *B. F. Hastings,* for appellants.

*Burkett, Wilson & Brown* and *E. J. Clements, contra.*

FAWCETT, J.

The Nebraska Mercantile Mutual Insurance Company

was organized under the laws of 1897, ch. 45, and was doing business, at the time of its insolvency, under such statute, as amended by chapter 48, laws 1903. In January, 1908, the company was adjudged insolvent, and plaintiff appointed receiver. October 27, 1909, plaintiff, as receiver, by direction of the court, filed his amended petition against defendant McClain and some 800 other defendants, residents of 70 different counties of the state. The action is based upon an assessment declared by the district court against the defendants upon their several contracts or certificates of membership, or policies as they are sometimes called, in the company. The suit is a suit in equity brought in the district court for Lancaster county, in which county some of the defendants resided. Service was had upon them, and a summons issued to each of the counties in the state where other defendants resided, where such defendants were duly served by the sheriffs of their respective counties. Some of the members of the company paid their assessments and are not included in the suit. Some, who were included, made default, and judgments by default were entered against them. The appealing defendants appeared specially and objected to the jurisdiction of the court over their persons, for the reason that they are residents of counties other than Lancaster; were served with summons in the counties of their respective residences by the respective sheriffs thereof; that they are not jointly liable with any defendant of Lancaster county upon the causes of action set forth in the petition, and that no summons had been served upon them as required by law. Their special appearances being overruled, they then separately demurred upon the grounds: (1) That the court had no jurisdiction of the persons of defendants; (2) defect of parties defendant; (3) several causes of action improperly joined; and (4) that the petition does not state a cause of action. Their demurrers being overruled, they answered, some separately, and some joining with others of their county. In their answers they preserve the objections made in their

special appearances, and add that the action was one for the recovery of money only and the summons served contained no indorsement of amount for which judgment would be taken in case of default; that the respective claims against the defendants were several, and not joint; that they could not be brought from the counties of their residences into Lancaster county to defend; that at the time of the alleged assessment there was nothing due from the defendants to the receiver; that no proper or legal assessment was made; that the contracts of insurance limited the liability of defendants to the amount of premium stated in the policy; that defendants are not members of the insurance company in the sense that they can be assessed for the liabilities of the company; that there is no multiplicity of suits; and that defendants were entitled to trial in the counties of their residences, and to a jury. The reply to each answer was a general denial. The decree was in favor of plaintiff upon every issue, and a large number of the defendants have appealed.

We deem it unnecessary to consider the various assignments in detail. Counsel for defendants rely largely upon *Burke v. Scheer,* 89 Neb. 80; while counsel for plaintiff pin their faith to *McCall v. Bowen,* 91 Neb. 241. We think this case is ruled by *McCall v. Bowen, supra.* In *Burke v. Scheer, supra,* the case was submitted upon a general demurrer to the petition. That case involved a construction of the statute relating to mutual hail insurance societies, the provisions of which are materially different from the provisions of the law under which the insurance company of which plaintiff is receiver was organized. In *Burke v. Scheer* but two questions were in fact determined, viz., that the legislature, by the act governing mutual hail insurance societies, prescribed both the maximum of a member's liability and the form of action by which payment of that liability could be enforced. The petition in that case did not show that any by-laws had ever been adopted, and it was argued by plaintiff that because the liability of the members had not been limited

by the by-laws their liability was unlimited and that each
member or policy-holder was personally liable for all of
the debts of the company. We held, and quoted the
statute to show, that no member could be required to pay
more than the amount of his obligation. We also held
that under section 124 (Comp. St. 1909, ch. 43) of the
act under which the society was operating, which provided
that "suits at law may be brought against any member of
such company," etc., there was no authority for the re-
ceiver to proceed in equity; that, the legislature having
prescribed both the maximum of a member's liability and
the form of action by which the payment of that liability
may be enforced, "we do not think the fact that the com-
pany has become insolvent can in any manner enlarge
such liability or change the form of action which may be
resorted to for its enforcement." That was all we decided
or intended to decide in that case. The discussion in the
opinion is predicated upon the statute we were then con-
sidering, which, as we will show, is quite different from
the statute governing mercantile insurance companies.
The statute under consideration here (laws 1897, ch. 45)
provides: "Section 3. All persons who effect insurance
in any company organized under the provisions of this
act shall thereby become members of such company and
continue to be during the period their insurance is in
force, and no longer." Section 9 provides: "If any mem-
ber of such company for the space of thirty days after
written or printed notice of assessment has been mailed
to him or her, postpaid and directed to the post office as
stated in the application for insurance, shall neglect or
refuse to pay the sum assessed, such company may sue
for and recover such amount and cost." There is no such
provision as section 3 in the law under consideration in
*Burke v. Scheer*, and the section as to the bringing of suit
expressly provides: "Suits at law may be brought," etc.

In *McCall v. Bowen, supra*, the company was organized
under the statute authorizing the organization of hog-
raisers mutual insurance companies. The provisions of

that act are set out by Mr. Justice LETTON on page 245 of the opinion, and we held: "The liabilities of a member of a company organized under this act are fully as great as those of a stockholder in an ordinary stock corporation. It is immaterial whether the members of this body corporate be designated as members or stockholders, because during the term that their policy of insurance covers they are as essentially members of the corporate body as owners of stock in a stock corporation are of such a corporation." We reaffirm what is there said. The statute under consideration here being practically identical with the one under consideration in *McCall v. Bowen,* this case must be ruled by that. Having reached this conclusion, defendants' assignments of error must all fail.

AFFIRMED.

SEDGWICK, J., dissenting.

I am not satisfied with the opinion in this case, because it seems to me that the three decisions, *Burke v. Scheer.* 89 Neb. 80, *McCall v. Bowen,* 91 Neb. 241, and the opinion herein are inconsistent with each other and leave the law very much in doubt.

It is said in the majority opinion that this case is ruled by *McCall v. Bowen,* and this is stated in the syllabus as the point of law decided. One reason is stated as determining that this case involves the same question as that decided in *McCall v. Bowen,* and two are stated as determining that it does not involve the question upon which *Burke v. Scheer* depends. None of these reasons, as it seems to me, can be applied at all. The first is that the statute governing this case provides: "All persons who effect insurance in any company organized under the provisions of this act shall thereby become members of such company and continue to be during the period their insurance is in force, and no longer." Laws 1897, ch. 45, sec. 3. A similar provision was held in *McCall v. Bowen* to constitute the policy-holders, as "members" of the

company, liable jointly and severally for all of the liabilities of the company. This was in *McCall v. Bowen* made the test by which, to distinguish that case from *Burke v. Scheer*. If a member must contribute an indefinite amount, his proportionate share of all the liabilities of the company, a court of equity alone can, upon an examination of the whole case, ascertain the amount of liabilities of the company and fix the proportionate share of each member. In such case there is a joint liability and the action may be in equity, making all members of the company parties and adjusting the equities between them. This is the point decided in *McCall v. Bowen*. When the liability of the policy-holder is limited and fixed by the law or the contract, it is held in *Burke v. Scheer* the amount of the liabilities of the company and the liabilities of the policy-holders are alike immaterial to him. He has a fixed amount to pay, and no more under any conditions of the business. There are, therefore, it is there held, no equities between policy-holders and no joint liability or interest.

Section 3 of the act above quoted might by itself be considered to make policy-holders jointly liable for all debts of the company, as the similar provision was considered in *McCall v. Bowen*, if it were not otherwise especially provided in the act we are now construing. The amendment of the act in 1903 was for two purposes. It amends two sections. By section 69*k*, ch. 43, Comp. St. 1901, which was the tenth section of the original act, the company was not allowed to do business outside of the state, and could not do business in both cities and villages. That section was amended so as to allow the company to do business in both cities and villages in the United States. Section 69*q*, ch. 43, Comp. St. 1901, which was section 16 of the original act, provided: "No member, his or her heirs, executors, administrators or assigns, can avoid liability to such company for unpaid claims of the company accruing while a member." By the amendment of this section in 1903 (laws 1903, ch. 48) it was provided that the company may in its by-laws limit the liability of its

policy-holders for premiums or assessments to such sums as may be agreed upon, and that it must make such limit of liability on all its policy-holders before going out of the state to do business. Pursuant to that requirement the company did make a by-law limiting the liability of its policy-holders to a specific sum, and the policy issued to the defendants specifically limited the liability of each defendant to a specified amount. This appears to bring the case at bar entirely within the decision in *Burke v. Scheer,* and this case cannot be decided as in the majority opinion without overruling that case. The reasons stated in the majority opinion for holding that *Burke v. Scheer* does not control in this case are that the legislature prescribed "the maximum of a member's liability and the form of action by which payment of that liability could be enforced." The statute plainly does both of these things in the case at bar. I have quoted above the statute in this case prescribing "the maximum of a member's liability," and the statute also provides that, if any member shall fail to pay the assessment "as stated in the application for insurance," such company may sue for and recover such amount and costs. Comp. St. 1901, ch. 43, sec. 69j. If, therefore, the fact that a policy-holder may be sued for the amount specified in his application and policy adds any reason for holding that there is no joint liability, and no ground for equitable jurisdiction, we have it in this statute as well as in that construed in *Burke v. Scheer.* For my part I do not see how this fact adds anything, or, if *Burke v. Scheer* is right, that anything needs to be added to the fact that the statute we are construing authorizes and requires that the policy-holder's liability shall be limited and definitely fixed by the by-laws and policy, and that this was done in this case. This case, then, is not "ruled by *McCall v. Bowen,*" but the decision is plainly inconsistent with *Burke v. Scheer.* This decision appears to me to leave the law still more in doubt than it was before.