No. 27,640.

Louis S. Hall, Receiver, *Appellant,* v. C. M. Hall et al., *Appellees.*

(260 Pac. 645.)

SYLLABUS BY THE COURT.

1. Hail Insurance—*Action for Premiums—Joinder of Defendants.* In an action by the receiver of a mutual hail insurance association to recover from the association's members for insurance, the proceedings considered and held not error to quash the service of summons had in other counties than that in which the action was filed.

2. Process—*Issuance to Foreign County.* To justify the issuance of a summons to a foreign county and service thereof upon the defendant residing or found there, the persons sued must be rightly joined as defendants.

Appeal from Shawnee district court, division No. 1; James A. McClure, judge. Opinion filed November 5, 1927. Affirmed.

*Thomas Amory Lee,* of Topeka, for the appellant.

*Ezra Branine, Alden E. Branine,* both of Newton, *George D. Bischoff,* of Abilene, *O. G. Underwood,* of Greensburg, and *S. S. Alexander,* of Kingman, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The action was one by the receiver of the Guarantee Mutual Hail Insurance Association (coöperative) against some 756 members of the association, to recover premiums for insurance. Some defendants were indebted upon notes given by them for premiums, others upon written promises to pay contained in their applications for insurance and accounts growing out of such applications. The action was filed in Shawnee county, where only a few of the defendants reside. Service upon defendants in other counties was followed by motions to quash the service on grounds of no jurisdiction. The motions to quash were sustained, and plaintiff appeals.

Corporations, 14 C. J. pp. 100 n. 61, 1107 n. 40. Mutual Benefit Insurance, 29 Cyc. p. 99 n. 72. Venue, 40 Cyc. p. 99 n. 88.

The plaintiff contends that the district court of Shawnee county properly acquired jurisdiction by proceedings to wind up and dissolve the association for the benefit of general creditors, and that the action of the receiver against the various defendants was a necessary step in such procedure; that otherwise the association's assets cannot be collected; that the action is one in equity; that it will lessen litigation and avoid a multiplicity of suits; that each defendant is interested in the outcome of the proceedings as against each other defendant; that the court cannot render judgment against any defendant and make an order such as is required by the statute, as to the amount of the execution to be levied, unless the rights of all defendants be considered in one action at one time and one general order made effective as to all parties.

. The defendants contend that to permit such an action to be maintained would abrogate the letter and spirit of the statute, which provides that every (other) action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned (R. S. 60-509); that each defendant is entitled to rights different from other defendants, which must be recognized, and should have the right to defend his own suit free from the embarrassing presence of other defendants with whom he has no joint liability; that plaintiff, as receiver, is entitled to no greater rights than those accorded to an individual.

Whether or not the defendants may be proceeded against in the one action depends largely on the question of their joint or several liability. The petition shows that the defendants were not jointly and severally liable. Each defendant was sued upon a separate and individual obligation. The receiver asked judgment against the defendants in various amounts set opposite their names. Judgment was not prayed jointly and severally against them. The amount of judgment prayed for against the defendants who had not executed promissory notes, varied according to the amount of the policy and to the particular zone in which the defendant lived, to whom an insurance policy had been issued. The policy shows that the state was divided into five zones; that a different rate of insurance applied in each. The amount of premium due on the various policies depended upon the number of acres of crop covered by each, the amount of insurance per acre so written upon the crop, and upon the zone in which this particular crop was located. The action is not unlike one wherein the receiver of a corporation sues all the stockholders in one action to recover the stockholder's liability.

*Abbey v. Dry Goods Co.,* 44 Kan. 415, 24 Pac. 426, was an action to recover various amounts from the stockholders of the Republic County Coöperative Association on their liability as such. In the opinion the court said:

"Can a suit be maintained under this liability, created by statute, by one creditor against more than one stockholder, where the liability is necessarily for different sums, as in this case twelve of the thirty-two defendants are liable for five dollars each; five for ten dollars each; three for fifteen dollars each, and others for twenty dollars each? Reason alone answers the question in the negative, from the very nature of the difficulties we would encounter to hold otherwise, in an action for a money judgment alone. The rule, however, is well settled by the great weight of authorities, that such an action must be maintained against each stockholder alone. The supreme court of Missouri has had occasion to consider a statute similar to our own, and says that in suits of the above description, whether brought in law or equity, will not lie against defendants jointly, but must be begun against each one severally; and under the law, the stockholder thus compelled to pay must resort to his remedy for contribution. . . .

"The rule that stockholders of a corporation cannot be joined as defendants, necessarily rests upon the ground that the liability is for different sums, and each stockholder might have a distinct and separate defense. Where the liability of stockholders is confined to the extent or amount of their stock, or is in proportion to their stock, the liability, being unequal and limited, is several." (pp. 418, 419.)

In *Marshall v. Land Co.,* 75 Kan. 445, 89 Pac. 905, it was held that action could not be maintained jointly against the defendants where the defendants were not jointly liable. In *Tompkins v. Craig,* 93 Fed. 885, it was held that a receiver could not maintain a suit in equity against a number of stockholders to recover on assessments, as the liability was several and a separate action would have to be brought against each. It was held:

"A receiver of an insolvent bank cannot maintain a suit in equity in a federal court against a number of stockholders to recover assessments levied under the state statute, as the liability of the defendants is several, arising on their contracts of subscription, each of which is a separate obligation, and is a legal and not an equitable liability."

It was held in *Bank of Poughkeepsie v. Ibbotson,* (N. Y.) 24 Wend. 472, that the liability of stockholders was several and not joint, that a joint action could not be maintained, as the measure of recovery was wholly different against each, depending upon the amount of stock held, and that no joint judgment could be rendered. (See, also, *Perry et al. v. Turner et al.,* 55 Mo. 418; *National Bank v. Magnuson,*

Hall v. Hall.

57 Kan. 573, 47 Pac. 518; *Pierce v. Security Co.,* 60 Kan. 164, 55 Pàc. 853; *Woodworth v. Bowles,* 61 Kan. 569, 60 Pac. 331; *Hinshaw v. Austin,* .64 Kan. 460, 67 Pac. 882; *Dunn v. Mortgage Co.,* 113 Kan. 169, 213 Pac. 655.)

Our statute provides that:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." (R. S. 60-411.)

Another provision reads:

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned." (R. S. 60-509.)

Necessarily, therefore, in order to proceed against a defendant in a county where he does not reside or cannot be summoned, he must come under one of the classes specified in 60-411. That is to say, in order to make defendants residing in Kingman, Kiowa or Harvey counties, and served in such counties, proper parties to this action it is necessary that they be necessary parties to a complete determination or settlement of the question involved in the action against defendants in Shawnee county, or it must be disclosed that the defendants in Kingman, Kiowa and Harvey counties have or claim an interest in the notes involved in the action against the defendants residing in Shawnee county.

The association was organized under the provisions of chapter 206 of the Laws of 1913 (R. S. 40-601 *et seq.*) providing for the formation of mutual hail insurance companies. One section of the statute, among other things, provides that:

"If any member  .  .  .  neglect or refuse to pay the sum assessed upon him as his portion of any loss as aforesaid, in such case the directors may sue for and recover the whole amount of his deposit note or notes, with cost of suit; but execution shall only issue for assessments and costs as they accrue. . . ." (R. S. 40-607.)

So it appears that the amount of the recovery shall be "the whole amount of his deposit note or notes, with cost of suit." The amount of recovery is not determined in any way by the amount of the liability of any other defendant or stockholder. This section of the statute also provides that the total amount of the liability of the member shall never be more than "the whole amount of his deposit note."

The plaintiff relies largely on *McCall v. Bowen,* 91 Neb. 241, 135 N. W. 1014, 40 L. R. A., n. s., 781, and *Public Utilities Com. v. Landon,* 249 U. S. 236, 63 L. Ed. 577. The McCall case must be considered in connection with the case of *Burke v. Scheer,* 89 Neb. 80, 130 N. W. 962, 33 L. R. A., n. s., 1057, which was distinguished by the court in deciding the McCall case. The latter was an action brought by the receiver of the Hog Raiser's Mutual Insurance Company against a large number of its members, to recover an assessment against each. The statute under which this insurance company was organized was different from the statute controlling in the Burke-Scheer case. The statute supporting the McCall case provided that "all persons who take insurance in a company become and continue members during the period their insurance is in force, and no longer, and it is provided that they shall sign an application obligating themselves to pay all assessments made for loss and expenses while they continue members." Also, "that any member may withdraw by giving notice of the surrender of his policy, and pay his or her share of all unpaid claims or liability of such company for losses or expenses accruing while a member." From which it is apparent that stockholders were jointly liable for all unpaid claims, for losses or expenses while they were members. The court in commenting upon the Burke-Scheer case said, "but that case is not in point. The insurance company involved in the Scheer case was organized under a different statute, which limits the liability of the members to the amount of the obligation expressed in the application which provided that members could not be compelled to pay more." The provision of our own statute under which the present association was organized is that "no member shall ever be liable to such company or to any other person for more than the whole amount of his deposit note." That is to say, the statute on which the McCall-Bowen case was decided did not limit the liability of the stockholders, but they were jointly liable for all losses of the company. Our statute under consideration limits the liability of the policyholder to the amount of his note. He is not jointly liable with any other policyholder.

An analysis of the Landon case and other cases cited by plaintiff would serve no useful purpose. They are not applicable to the facts here.

The judgment is affirmed.