No. 28,131.

THE FARMERS COÖPERATIVE UNION et al., *Appellants,* v. D. N. ALDER-
MAN et al., *Appellees.*

(267 Pac. 1110.)

Opinion filed June 9, 1928.

*Frank L. Martin* and *James N. Farley,* both of Hutchinson, for the appellants.

*Ben Jones,* of Lyons, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, The Farmers Coöperative Union, a corporation organized under the provisions of sections 17-1501 to 17-1515 of the Revised Statutes, and the president and each member of the board of directors, sued D. N. Alderman and a number of others, stockholders in the corporation, on an agreement by a majority of the stockholders that each stockholder become liable to the corporation for $350, to be evidenced by promissory notes for that amount. Some of the stockholders gave such notes, and some did not. Judgment was rendered sustaining a demurrer of the defendants to the petition of the plaintiffs. From that judgment, the plaintiffs appeal.

One ground of demurrer was that the second amended petition did not state facts sufficient to constitute a cause of action against said defendants. The petition alleged the incorporation of the Farm-

ers Coöperative Union, and also alleged that each of the other plaintiffs and each of the defendants was a stockholder in the corporation; that the corporation became financially embarrassed and could not continue in business without financial assistance from the stockholders; that at the annual meeting of the stockholders in April, 1921, attended by a large majority of them, the financial condition of the corporation was made known to those present; and that—

"It was suggested that for the purpose of carrying on the business in the future and continuing the business of the corporation, each stockholder should pledge himself for the sum of three hundred fifty dollars ($350) to indemnify and save the directors harmless from any loss for becoming personally responsible to the creditors of the corporation for the money to carry on the business. And thereupon a resolution was introduced and adopted by the unanimous vote of the stockholders, which resolution was in words and figures as follows, to wit:

" 'A motion made by D. N. Hill, seconded by L. A. Smith, that a $350 note be signed by each individual stockholder to the Farmers Coöperative Union Elevator, guaranteeing the board of directors against any loss that might occur. This motion carried. Date April 18, 1921.' "

The petition further alleged that—

"By the adoption of said resolution and by the unanimous action, consent and verbal agreement of all the stockholders and members of the corporation present, it was agreed and understood that each stockholder should obligate himself to the extent of $350, and that the business of the corporation should be continued as a joint venture or undertaking between the corporation and the individuals who were the stockholders and members thereof, the consideration for the said arrangement being the benefit which each stockholder would receive in having a market for his crops of grain. It was fully understood that the corporation was not to be dissolved; that the business was to be continued in the name of the corporation; and that each stockholder would become personally responsible for the sum of $350. . . .

"The plan adopted was knowingly and willingly adopted by the stockholders, each pledging his personal obligation in the sum of $350 for the purpose and with the intent of the stockholders who voted for the resolution and adopted the same and afterwards ratified, confirmed and approved the plan, that they should become personally responsible and liable as partners with the corporation in the future operation of the business of the corporation. . . .

"Soon after the adoption of said resolution and the said plan of carrying on the business of the corporation, a number of the stockholders, who are defendants herein, did execute promissory notes in accordance with the resolution to evidence and pledge their personal obligation in accordance with the resolution. . . .

"The stockholders who are defendants who did not sign the notes, either neglected or refused to sign the notes in accordance with their pledge or promise to do so, or were never requested to sign the notes by any of the

officers of the corporation, but all of the defendants treated the transaction in the continuation of the business upon the basis and theory that each stockholder was liable to the extent and amount of $350 for the debts and obligations of the corporation, and all of them, with full knowledge of the premises, ratified and approved the transaction and the manner in which the directors pledged themselves to the bank to carry on and continue the business of the corporation."

The petition alleged that relying on the action of the stockholders, the plaintiffs have incurred obligations in the sum of $20,000, and that the assets of the corporation at the time the action was commenced did not amount to more than $3,000.

The prayer of the petition was for contribution from each of the defendants on account of the obligations incurred by the plaintiffs.

The petition disclosed that not all of the stockholders signed notes. The defendants were stockholders in the Farmers Coöperative Union. The plaintiffs plead the acts and conduct by which it was alleged the defendants, with the other stockholders, became partners with each other and with the corporation. It must be determined from the acts and conduct alleged in the petition whether or not the plaintiffs and the defendants were partners. If the acts and conduct alleged show that a partnership did not exist, the allegation that a partnership was created must be disregarded because that allegation then becomes a conclusion of law and is controlled by the allegations of fact on which the allegation of partnership was based. The petition alleged that the business of the corporation should be continued in the name of the corporation; that the corporation was not to be dissolved; and that the notes were executed to save the directors harmless from any loss for becoming personally responsible to the creditors of the corporation for money with which to carry on the business. The facts alleged show that the defendants were stockholders in the plaintiff corporation, not partners with it nor with the other stockholders.

■ Were the defendants who signed the notes liable thereon? The notes were nonnegotiable and were made payable to the plaintiff corporation. The notes were signed pursuant to the resolution adopted at the stockholders' meeting. That resolution provided that each of the stockholders should sign notes. Some of the stockholders did not sign notes. To make the notes obligatory on those who did sign, all should have signed. When any one failed or refused to sign, no obligation to pay was imposed on those who did sign. The stockholders present at the stockholders' meeting could not bind

those not present who failed or refused to comply with the terms of the resolution. They were stockholders, and their rights as such could not be affected by the resolution that was adopted. Not being binding on them, the notes were not binding on the others. All were bound or none.

The liability imposed by the notes signed was single and individual. Each signed for himself. There was no joint liability. Each should be sued separately. *Hall v. Hall,* 124 Kan. 466, 260 Pac. 645, is controlling on this question.

The judgment is affirmed.