Davis, Receiver, Respondent, vs. Shearer and another, Appellants.

*April 6 — April 23, 1895.*

(1, 2) *Receivers: Validity of appointment: Collateral attack: Jurisdiction.* (3) *Insolvent mutual insurance company: Assessment, what may include.*

1. Where the court appointing a receiver had jurisdiction of the subject matter, and he has qualified, the validity of his appointment cannot be contested when it comes in question collaterally, as in an action brought by him.

2. If the showing upon the application for the appointment of the receiver was inadequate, that fact, while it might render the order of appointment erroneous, does not affect the jurisdiction of the court over the subject matter.

3. After the insolvency of a mutual fire insurance company and the appointment of a receiver, an assessment may be made upon both deposit and premium notes for the proportionate share of losses and expenses which accrued during the term of insurance, and such assessment may include the amount necessary to pay inter-

Davis vs. Shearer and another.

est on uncontested losses and the debts of the company from the time they ought to have been paid; also an allowance for shrinkage, that is, for assessments that may prove uncollectible; also a reasonable amount for expenses and compensation of the receiver.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This action was brought to recover the amount claimed to be due on an assessment made upon a premium note given by the defendants to the Oshkosh Mutual Fire Insurance Company. The former assessment made upon the notes given to the said insurance company was declared invalid in the case of *Davis v. Parcher & J. & A. Stewart Co.* 82 Wis. 488, where the proceedings against the insurance company are stated. The present action is upon a new or second assessment made by a referee and confirmed by the court in the action against the Oshkosh Mutual Fire Insurance Company to wind up its affairs, and in which the plaintiff was appointed its receiver. The amount of the assessment against the defendants was $707.40 upon a premium note of $1,000, given after the company was fully organized, upon which the defendants paid $200 at the time they took their insurance, which was credited to them when the assessment was made. The necessary amount to be raised by assessment was $66,933.25, made up as follows: Expense bill unpaid, $3,574.15; fire losses, contested and uncontested, $34,205.23; other claims, $153.62; interest on uncontested losses from February 24, 1891, to September 24, 1893, $5,264.54; interest on miscellaneous claims, $214.13; interest on contested claims, $177.77; receiver's expenses, estimated at $6,000,— from which was deducted $574.50, leaving $50,199.92 to be raised, to which was added twenty-five per cent. for uncollectible assessments, $16,733.31.

The plaintiff was appointed receiver in an action instituted by R. McMillen and others, officers, board of directors, and creditors of said insurance company, to adjust, settle,

and wind up the business of the corporation, to take charge
of its property, convert its assets into money, collect its
debts, and close out its affairs under the direction of the
court, and a dissolution of the corporation was asked for.
The complaint in that action sufficiently showed that the
defendant was insolvent, or at least in a failing condition
and unable to meet its just debts. *In re Oshkosh Mut. Fire
Ins. Co.* 77 Wis. 366.

The company transacted business on the assessment plan,.
the notes of its policy holders providing and the by-laws
authorizing an assessment to raise funds with which to meet
liabilities from its premium and deposit notes. The pre-
mium and stock notes amounted to about $180,000. There
was evidence tending to show that ninety per cent. of the
note makers were solvent. The amount of cash on hand
and due from agents was $11,000 when the receiver was ap-
pointed. One draft of $700 was the only overdue claim.
The amount of cash on hand when the plaintiff was ap-
pointed receiver was but $2.17.

It was contended that the court in the action against the
insurance company had no jurisdiction to appoint a receiver,.
and that the assessment was invalid (1) because it includes
$5,656.92 as interest; (2) because it includes $16,733.31 for
shrinkage on the premium notes; (3) because it includes
$9,574.15 for expenses of receivership, $6,000 of which is
estimated; (4) because defendants had paid the earned pre-
mium on their policy down to date of insolvency, and a
valid assessment could only be laid against the stock notes
to pay losses after insolvency. The court held that the as-
sessment was valid and in due and proper form, and was:
equitable, and gave judgment against the defendants for
the amount of the assessment, with interest and costs, from
which they appealed.

*M. C. Phillips,* for the appellants, contended, *inter alia,*
that the court has not jurisdiction of the subject matter of

this action because this company was not insolvent. The company transacted business on the assessment plan; the notes of the policy holders provide for, and the by-laws authorize, an assessment. It was able to raise funds with which to meet its liabilities from these premium notes. The testimony shows that fully ninety per cent. of the note makers were solvent, and with such resources it was not insolvent. *Baker v. Fraternal M. Circle*, 32 Weekly L. Bul. 84. The statute is mandatory in imposing a duty on the directors to levy an assessment, give notice, and proceed to collect. R. S. sec. 1907. A disregard of it may leave the directors personally liable for the result. May, Ins. § 564. When want of jurisdiction is shown, the action must be dismissed at any stage. And it may be taken advantage of at any time before judgment. *Dewey v. Hyde*, 1 Pin. 469; *Clark v. Wood*, 2 id. 29.

For the respondent there was a brief by *Finch & Barber* and *Thompson, Harshaw & Thompson*, and oral argument by *Charles Barber* and *A. E. Thompson*. They argued, among other things, that the jurisdiction of the court to appoint the receiver could not be attacked collaterally. *Bangs v. Duckinfield*, 18 N. Y. 592; *Osgood v. McGuire*, 61 id. 524; *Whittlesey v. Frantz*, 74 id. 456; *Potter v. Merchants' Bank*, 28 id. 654; *Att'y Gen. v. Guardian M. L. Ins. Co.* 77 id. 272; High, Receivers, § 203; *Judson v. Rossie Galena Co.* 9 Paige, 600; *Vermont & C. R. Co. v. V. C. R. Co.* 46 Vt. 792. The item for interest was properly allowed. *Hurlbut v. Marshall*, 62 Wis. 590; 2 May, Ins. (3d ed.), § 559. See, also, *Comm. v. Mass. M. F. Ins. Co.* 112 Mass. 116; *Bangs v. Gray*, 12 N. Y. 477; *Jones v. Sisson*, 6 Gray, 288.

PINNEY, J. 1. The principal case of *McMillen et al. v. Oshkosh Mutual Fire Ins. Co.*, in which the plaintiff in this action was appointed receiver of said company to take charge of its property, convert its assets into money, collect its

Davis vs. Shearer and another.

debts, and close up its affairs under the direction of the circuit court, came before this court upon the question of the relation of the attorney general to the action, and the right of the plaintiff to maintain it (77 Wis. 366); and the sufficiency of the complaint in that action, under sec. 3218, R. S., to authorize the issue of an injunction restraining the corporation and its officers from exercising any of its corporate rights, privileges, or franchises, and from collecting or receiving any debts or demands, and from paying out or in any way transferring or delivering to any person any of the moneys, property, or effects of such corporation, was expressly affirmed, upon the ground that it appeared from the complaint that the defendant was insolvent and unable to pay its debts, and that it was in a failing condition. The object of that action was to close up the business of the corporation, and it was brought by its directors, who were members of the corporation, and one of whom was one of its creditors. Under sec. 3219, R. S., the court had power in that action to appoint a receiver " to take charge of the property and effects of such corporation, and to collect, sue for and recover the debts and demands that might be due and the property that might belong to such corporation," with the powers and authorities of receivers in other cases. It is too plain to admit of question that the company, with only $2.17 on hand, was unable to meet and discharge its debts and liabilities in the ordinary course of business when and as they became due; and the court might properly appoint the plaintiff in this action receiver, as provided by the statute.

No appeal has been taken, so far as we are informed, from the order of appointment, and, the plaintiff having qualified, the validity of his appointment cannot be contested when it comes in question collaterally, as it does in this action. While the order might have been erroneous and subject to reversal on appeal, it cannot be collaterally im-

peached or disregarded. It may be that the showing upon
the application was inadequate under the law and practice
of the court; yet the court had power to decide that ques-
tion, and whether it decided rightly or not is not a question
that goes to the jurisdiction of the court over the subject
matter. *Bangs v. Duckinfield,* 18 N. Y. 595; *Peck v. School
Dist.* 21 Wis. 522; *Attorney General v. Guardian Mut. L.
Ins. Co.* 77 N. Y. 272; *Vermont & C. R. Co. v. V. C. R. Co.*
46 Vt. 795. In an action brought by the receiver he cannot
be put to proof of the regularity or propriety of his ap-
pointment. The fact that the court had jurisdiction and
the order of appointment are conclusive in favor of his title
when it comes in question collaterally. *Neeves v. Boos,* 86
Wis. 313.

2. In the case of *Davis v. Parcher & J. & A. Stewart
Co.* 82 Wis. 495, the court reached " the conclusion that the
Oshkosh Mutual Fire Insurance Company was legally or-
ganized as a mutual company only; that all policy holders
therein are members thereof; and that its premium notes
are valid obligations, assessable to pay ' losses and expenses;'
. . . and that, for the purposes of assessment, there is no
distinction between premium and deposit notes,— that is to
say, between assessable notes given for premiums pending
the organization of the company and those after it was
fully organized;" and that " earned premiums consist of the
proportionate share of the losses and expenses which have
accrued during the term of the insurance, not exceeding the
amount of the premium note." Insolvency occurred during
the period of defendants' insurance, and the action of the
court in granting an injunction and appointing the plaintiff
as receiver, under secs. 3218, 3219, R. S., canceled the defend-
ants' and all other existing policies of the company. *Dewey v.
Davis,* 82 Wis. 503. All of the premium notes of the com-
pany became utterly void, so far as the premium for which
they were given was unearned at the time of such in-

Davis vs. Shearer and another.

solvency. R. S. sec. 1945. No losses by fire could occur thereafter for which the company would be liable under such policies. The business and affairs of the company are being settled and wound up under the direction of the court, and an adjustment is to be made of the prior transactions of the company, while the defendants were members of it, and their proper proportion of its losses and expenses is to be ascertained, and judgment is claimed in this action for that amount. No question can be made as to the liability of the defendants to pay their share of the losses during the period of their insurance, as limited by the insolvency of the company and the consequent action of the court.

But it is claimed that the assessment in question includes improper items occurring or arising thereafter, and that it is for that reason invalid. Exception is taken to various items, which for convenience may be considered together, namely: (1) For interest as stated, $5,656.92; (2) for shrinkage or uncollectible assessments, estimated at twenty-five per cent., amounting to $16,733.31; and (3) for expenses unpaid, $3,574.15, and receiver's expenses estimated at $6,000.

It is argued that no assessment could be made to pay interest, and that interest is neither a loss nor an item of expense, within the purview of the statute. Sec. 1907. There can be no doubt of the liability of the company to pay interest on its uncontested losses and its debts from the time they ought to have been paid, and no court would hesitate to render judgment accordingly. If the officers of the company neglected to raise from the proper resources of the company the necessary funds with which to promptly discharge its obligations, that furnishes no reasons why the company should not be charged with interest for delay as other debtors, nor for an exemption on the part of its members from an assessment on their deposit or premium notes for that purpose. The assessable notes, both deposit and premium, are the only resource of creditors and claimants

against such a corporation, when it becomes insolvent, to obtain satisfaction of their debts and demands, with interest for delay in payment. The construction that would deny the existence of the right to make an assessment for interest is too strict and narrow, not to say illiberal. The interest becomes a part of the debt for the losses, and we have no doubt that the item for interest was properly included in the assessment. 2 May, Ins. § 559; *Jones v. Sisson,* 6 Gray, 288; *Bangs v. Gray,* 12 N. Y. 477, 479, 480. There is no complaint that the estimate for interest was excessive, or that it has not been fairly and equitably apportioned.

The "estimate for shrinkage," as it is called, by which twenty-five per cent. was added for assessments that might prove uncollectible or could not be realized within a reasonable time, for various reasons, such as insolvency, death of parties, or their nonresidence or other cause, is not subject to just criticism. Such an allowance, is not unusual, and seems to be sustained by authority. Without it, the delay and expense of a second assessment would probably become necessary. The estimate seems to have been a conservative one, and made in good faith. Indeed, there is reason to apprehend that it is too low.

The amount included for expenses incurred and unpaid, and for receiver's compensation, estimated at $6,000, is fairly within the statutory liability. Assessment could, no doubt, be made by the company upon the deposit and premium notes for expenses of collection of premiums, and for conducting the proper business of the company. Its insolvency and consequent legal proceedings have suspended its powers in that respect, and they are now exercised by the court, through its receiver, so far as necessary to render its resources available to pay its debts and wind up its affairs. The court, in approving the assessment, had a reasonable discretion in respect to the expenses to be provided for. In *Davis v. Parcher & J. & A. Stewart Co.* 82 Wis. 488, the

including in an assessment of reasonable expenses was approved, and provision in this respect and for uncollectible assessments seems beyond reasonable question.    2 May, Ins. § 559; *Jones v. Sisson*, 6 Gray, 296; *Comm. v. Mass. Mut. F. Ins. Co.* 112 Mass. 116; *Bangs v. Gray*, 12 N. Y. 477; *Wardle v. Townsend*, 75 Mich. 385; *Savage v. Medbury*, 19 N. Y. 34; *Peoples' E. Mut. F. Ins. Co. v. Babbitt*, 7 Allen, 235; *Traders' Mut. F. Ins. Co. v. Stone*, 9 Allen, 483.

For the purposes stated, recourse can be had to the deposit as well as premium notes; and we know of no authority for holding that, where the affairs of a company that is insolvent or unable to pay its debts are being wound up by a receiver, recourse for expenses can be had only to the deposit notes given pending the organization of the company.

For these reasons, we hold that the objections to the assessment upon which the action is founded are untenable, and that it seeks to reach and render available only that part of the premium secured by the defendants' note which had been earned at the time the affairs of the company came under the control of the court; namely, for losses then existing, with any accrued interest, and proper and reasonable expenses of collecting and applying the resources of the company to their payment in the only manner then permissible by law.    We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.