C. H. HOLCOMB, RECEIVER, APPELLEE, V. B. J. TIERNEY, EXECUTOR, ET AL., APPELLANTS.

FILED JULY 12, 1907. No. 14,381.

1. **Banks: RECEIVER: NOTICE.** In an action against an insolvent banking corporation for the appointment of a receiver to wind up the affairs of the bank for the benefit of its creditors, notice of the filing and pendency of the action should be given before a receiver is appointed.

2. ———: ———: ———. Where in such action a receiver is appointed without notice to the bank, except such as is implied from being dispossessed of its property, and the receiver proceeds by direction of the court, without objection, to convert the assets of the bank into cash and pays the proceeds out to the creditors, the proceeding is not void to the extent that the status of the property involved is open to collateral attack.

3. ———: **LIABILITY OF STOCKHOLDERS.** A judicial ascertainment of the liabilities of an insolvent banking corporation, such as is necessary before an action can be maintained to enforce the liability of the stockholders, can only be had in an action where the bank, being a party, has been properly served with notice of the pendency of the proceeding, or where it has voluntarily appeared and submitted to the jurisdiction of the court.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*H. M. Sullivan,* for appellants.

*C. L. Gutterson, C. H. Holcomb* and *Hall, Woods & Pound, contra.*

JACKSON, C.

The Farmers Bank of Custer county was organized under the state law and was conducting a banking business at Broken Bow. On the 28th day of September, 1901, the district court for that county, upon the petition of the attorney general and at the instance of the state banking board, appointed a receiver to wind up the affairs of the bank. The receiver qualified, took charge of and converted the assets of the bank into cash and published a notice to the creditors of the bank, requiring them to file and prove their claims against the bank. Pursuant to this notice claims were filed and proved by creditors to the amount of $56,090.63. These claims were all allowed by the receiver, who reported the same to the court, caused his action in that respect to be approved, and he was by the court authorized and required to pay dividends thereon amounting to 47 per cent., and thereupon, it appearing that the assets of the bank were insufficient to pay the liabilities, the receiver was directed by the court to institute a proceeding to enforce the constitutional liability of the stockholders. Action was taken in the district court for Custer county for that purpose, resulting in a judgment favorable to the receiver, from which the stockholders appeal.

Upon the petition of the attorney general for the appointment of a receiver, no summons was ever issued or other notice given to the bank, except such notice as might be implied from the action of the receiver in taking charge of the assets of the bank and distributing them under the direction of the court. The bank made no appearance, by objection to the jurisdiction or otherwise, and we are met at the outset by the contention that the order appointing the receiver, all acts of the receiver and all

proceedings of the court in the matter of the receivership were void for want of jurisdiction. The attitude of the defendants, if sustained to the full extent that it is insisted upon, might result in serious consequences. Under the provisions of the state banking act, it is the duty of the banking board, whenever it shall appear to them from an examination or from the report of a bank examiner that the capital of a state banking concern is impaired, or that it is conducting its business in an unsafe and unauthorized manner, to communicate such fact to the attorney general of the state, and it is the duty of the attorney general thereupon to apply to the district court, or a judge thereof, for the county where such concern is located, or, in case of the absence of the district judge from the county, to a justice of the supreme court, for the appointment of a receiver to wind up its affairs. The only other provision of the act relative to the procedure in making the appointment relates to the personnel of the receiver and the bond required.

The appellee contends that the banking act contemplates a method of appointing receivers for insolvent banks independent of the provisions of the code relative to the appointment of receivers in general, and that, no provision having been made for notice to the bank of the application for the appointment, none was necessary. But the banking act does not provide that receivers may be appointed under its provisions without notice, nor do we think it contemplates any such course. It was evidently the intention of the legislature to provide for receivers in certain contingencies not included in the general provisions of the code then in force, that is, to provide additional cases in which receivers might be appointed, and, except as the general provisions of the code are modified by the act, we are left to an examination of such general provisions to ascertain the necessary procedure. It is there provided that "no receiver shall be appointed except in a suit actually commenced and pending, and after notice to all parties to be affected thereby."

Code, sec. 267. The deductions to be drawn from a con-
struction of the banking act in connection with the pro-
visions of the code are that, before a receiver may be ap-
pointed for an insolvent bank, notice must be given to
the bank and an opportunity had for a full investigation
by the court or judge as to the necessity for the appoint-
ment. The delay incident to such a course is in nowise
prejudicial to the state or to the creditors of the bank
whose rights are protected by that provision of the bank-
ing act authorizing any bank examiner to take possession
of the property of the bank and hold the same until the
necessity for the appointment of a receiver is determined
by the court. A feature of the proceeding as modified by
the banking act is that no bond is required of the plain-
tiff. It does not follow, however, that the failure to give
the required notice renders the entire proceeding nuga-
tory or void for all purposes. The court acquired juris-
diction over the subject matter by the seizure of the prop-
erty. The bank had notice of the sequestration of its
property because it was taken from the possession of its
officers. The failure to give the notice and of the bank
to appear rendered the proceeding one *in rem,* and the
status of the property when adjudicated should not there-
fore be open to collateral attack, although the procedure
was irregular. Furthermore, the bank permitted the re-
ceiver to act without objection and property rights to be
acquired without suggestion of wrongful act during the
term of years covered by the receiver's administration,
and should now be estopped from attacking the status of
the property involved in the receivership.

But whether an action to enforce the constitutional
liability of the stockholders of the bank may be grounded
upon such a proceeding is quite another question. Before
such action may be maintained a judicial ascertainment
of the corporate debts must be had. *Farmers Loan &
Trust Co. v. Funk,* 49 Neb. 353; *Globe Publishing Co. v.
State Bank,* 41 Neb. 175; *State v. German Savings Bank,*
50 Neb. 734. For the purpose of such ascertainment it

is doubtless unnecessary for each creditor to prosecute an independent action against the bank. The remedy may be applied in the action where the receiver is appointed by the presentation and allowance of claims, provided the petition is sufficient and the order appointing the receiver contemplates that course, but a judicial ascertainment of the debts of a corporation, within the meaning of the rule, involves the fixing of a personal liability by judgment, and, while it is true that in an action *in rem* upon constructive notice only the court may determine the status of the property involved, it is equally true that upon that character of notice no personal judgment can be rendered. *Anheuser-Busch Brewing Ass'n v. Peterson,* 41 Neb. 897. The stockholders' liability is not a part of the *res* seized by the receiver. It is a liability for the benefit of the creditors. It is a secondary liability, not primary. It can only be enforced after the property involved in the receivership has been exhausted. It follows that in an action against an insolvent bank for the purpose of the appointment of a receiver and winding up its affairs, where personal service of summons is not had on the bank or the bank does not voluntarily appear, no ascertainment of its indebtedness can be had upon which to predicate an action to enforce the stockholders' liability. Such ascertainment of the bank's indebtedness as was in fact had was sufficient to justify the receiver in the distribution of the proceeds of the property taken by him, but it has no other force.

The judgment was erroneous and should be reversed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.