First State Bank, appellee, v. Jesse Ingrum; Chauncey Snyder, appellant.

Filed January 13, 1922. No. 21851.

1. **Process: Venue: Summons to Another County.** A transitory action may be brought against two defendants jointly liable in any county in the state where one of the defendants may be served with summons, even though neither defendant is a resident of that county, and thereupon jurisdiction over the other defendant may be acquired by summons served upon him in the county of his residence.

2. ———: **Exemption from Service.** Where an action is commenced against two defendants to enforce a joint liability in a county in which neither defendant resides, and one of the defendants is served in that county and the other in the county of his residence, the latter cannot oust the court of jurisdiction over him by reason of the fact that the defendant who was served in the county where the suit is pending was at the time exempt from the service of summons because he was then in custody of the sheriff and had been brought into and was held in that county solely as a witness in certain criminal actions there pending, since such exemption was a personal privilege which the defendant so served could urge or not as he saw fit, and his codefendant could not claim the privilege for him.

3. **Appeal: Instructions: Review.** "Error alleged in an instruction to the jury must be called to the attention of the trial court in the motion for a new trial before it will be considered by this court." *Stevenson v. Omaha Transfer Co.*, 87 Neb. 794.

Appeal from the district court for Hooker county: Edwin P. Clements, Judge. *Affirmed.*

*George W. Wertz,* for appellant.

*W. C. Heelan* and *Horth & Ryan, contra.*

Heard before Morrissey, C. J., Aldrich and Flansburg, JJ., Hostetler and Morning, District Judges.

Morning, District Judge.

The First State Bank of Whitman brought this action in the district court for Hooker county against Jesse Ingrum and Chauncey Snyder to recover damages for

fraud and conspiracy. There was a verdict and judgment against both defendants, and Snyder appeals to this court.

Appellant contends that the district court for Hooker county did not acquire jurisdiction over him by service of summons upon him in Colfax county, where he resided. The circumstances relative to the matter of service were not such as to enable Snyder to raise the jurisdictional question by special appearance and the matter was properly presented and preserved in his answer.

It appears that Snyder held a note for $3,000 against Ingrum, which was secured by a chattel mortgage upon 64 head of Ingrum's cattle. When said note matured Snyder called upon Ingrum for payment, and, the latter not then being able to pay, Snyder offered to reduce the indebtedness to $2,900 if Ingrum would borrow the money elsewhere and liquidate the obligation. Ingrum and Snyder called upon the plaintiff bank, and Ingrum borrowed from the bank $2,900 with which to pay Snyder's mortgage, and gave as security a chattel mortgage upon 92 head of cattle, including those described in the Snyder mortgage. The $2,900 thus borrowed was paid to Snyder in satisfaction of his note against Ingrum. When the bank's mortgage matured it was necessary for the bank to look to the security, and it then learned that Ingrum had included in the mortgage a large number of cattle which he did not own and which in fact had no real existence. The theory upon which the bank recovered against the defendants was that when Snyder called upon Ingrum for the collection of the $3,000 mortgage which the former held upon the latter's cattle, he learned that his security was inadequate because Ingrum did not have the number of cattle specified in the mortgage, and that, thereupon, the two defendants entered into a fraudulent conspiracy whereby they were to induce the bank to loan to Ingrum the funds to pay the Snyder mortgage by overstating the number of cattle which Ingrum actually had and by the execution of a mortgage by In-

grum upon a large number of cattle which he did not own, and that this conspiracy was effectually carried out and the loan from the bank procured thereby. Ingrum admitted the fraud and was the chief witness on behalf of plaintiff to prove the participation therein by Snyder. There is evidence in the record amply sufficient to justify the jury in finding that Snyder was a party to the fraud. In passing upon the jurisdictional question, therefore, the action must be viewed as one instituted and successfully maintained against the two defendants as joint tort-feasors. At the time of procuring the loan from the bank Ingrum resided with his wife upon a rented farm in Hooker county, but, having become implicated in other transactions of a criminal nature, he left said county to avoid arrest shortly thereafter, and did not again return for four or five months, when he was brought back by an officer to answer to a charge of cattle stealing, to which he pleaded guilty and was committed to the state penitentiary. Soon after he left Hooker county Ingrum's wife broke up housekeeping, sold the household goods and some other personal effects, started suit for divorce, and then went to the home of her father in Wyoming, where she has since resided.

While Ingrum was an inmate of the penitentiary he was taken to Hooker county in custody of the sheriff, at the request of the county attorney, to give testimony on behalf of the state in some criminal actions there pending, and while he was thus in custody in said county as a witness, and for no other purpose, this action was started, summons was served upon him in that county, and a summons for defendant Snyder was issued to the sheriff of Colfax county, where Snyder resided, and served upon the latter in that county. It is the contention of Snyder that neither he nor Ingrum resided in Hooker county at the time this suit was started, and that, since Ingrum, when served with summons in that county, was in the custody of the sheriff and being held in said county at the time as a witness, he was exempt from

service, and that service had upon Ingrum, under the circumstances, was not effective to authorize service upon Snyder in Colfax county.

It is conceded that this action is one falling within section 7620, Rev. St. 1913, which reads: "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned."

The question whether or not Ingrum was a resident of Hooker county at the time he was served with summons is involved in doubt; but, as we do not consider it decisive of the jurisdictional question presented, we do not feel called upon to pass upon it, nor to decide whether, under the circumstances, the question was one for the court or for the jury. Actual service was had upon Ingrum in Hooker county. He was in a position, at the time, to claim exemption from such service had he seen fit to do so. He made no such claim, but, on the contrary, signed a document, immediately after the summons was served, whereby he entered his voluntary appearance in the action and this was at once filed with the clerk of the court. The exemption from service which he might have urged was a personal privilege which he alone could claim, and he had the right to waive it. 21 R. C. L. 1311, sec. 57;*Peters v. League,* 13 Md. 58; *Thornton v. American Writing Machine Co.,* 83 Ga. 288, 20 Am. St. Rep. 320; *Prentis v. Commonwealth,* 5 Rand. (Va.) 697, 16 Am. Dec. 782; *Massey v. Colville,* 16 Vroom (N. J.) 119, 46 Am. Rep. 754; *Thompson v. Michigan Mutual Benefit Ass'n,* 52 Mich. 522.

The action was rightly brought against Ingrum in Hooker county, and, being one to enforce a joint liability against the two defendants, it was proper to issue summons for Snyder to the sheriff of Colfax county and to serve the same upon him in that county. Rev. St. 1913, sec. 7627; *Ayres v. West,* 86 Neb. 297; *Wood v. Carter,* 67 Neb. 133.

The failure of Ingrum to object to the jurisdiction of

Shields Co. v. Chicago & N. W. R. Co.

the court over him and his affirmative act of entering his voluntary appearance to the action constituted neither fraud nor collusion as against his codefendant Snyder. Ingrum owed no duty to Snyder to claim exemption from service of summons upon him in Hooker county, in order to oust the court of jurisdiction over the person to Snyder. It follows that the court had jurisdiction over both defendants.

The giving of instruction No. 12½ is here assigned as error, but this was not complained of in the motion for a new trial and it cannot be considered here. *Stevenson v. Omaha Transfer Co.*, 87 Neb. 794.

The judgment of the lower court is

AFFIRMED.