BANKING COMMISSION, Respondent, vs. HAMILTON, Appellant.

*September 15—October 11, 1938.*

90

The cause was submitted for the appellant on the brief of *J. Henry Bennett* of Viroqua, and for the respondent on that of *Ralph L. Freese* of La Farge.

ROSENBERRY, C. J.   There is a unanimity of authority to the effect that a stockholder's liability over and above his subscription although of statutory origin (sec. 221.42) is contractual in its nature.   It is uniformly held that being contractual an infant may not by the purchase of stock in a corporation subject himself to the statutory liability by reason of his incapacity to make an effective contract.

There is no contention in this case that the defendant purchased the stock.   It appears that the administrator of his father's estate caused the certificate to be issued in the name of the defendant and delivered the certificate to his mother who was also his guardian, and that she thereafter retained the same until the action was commenced.   The court found that he had offered the stock for sale by making the inquiry already set out.   This the court held to be a sufficient ratification.   There was no question of ratification in the case because no contract was entered into either by the defendant or anyone in his behalf.   By operation of the law of descent he became entitled to receive the share of stock from the estate of his deceased father.   The stock was issued to him without his knowledge at a time when he was incapable of giving assent to the transaction, and so far as the record discloses he was unaware of that fact until a short time before the commencement of this action.   The mother does not say that defendant knew about it, she says the certificate was in her possession; that she sent it to him after the commencement of the action, and there is nothing to the contrary.   Apparently the witnesses do not distinguish the demand for pay-

ment from the commencement of the action. Mr. Langley attempts to say that Hamilton exercised control over the stock. That statement is based upon the fact that Hamilton sent the certificate to the bank for surrender and thereupon the bank returned it. After the defendant became of age, if he knew of the circumstances, he should have with reasonable promptness disaffirmed the transaction by which he became an apparent owner of the stock. It came to him as a part of his father's estate, and we may assume that the administrator had long since closed the account and distributed the estate. The administrator merely discharged a duty imposed upon him by law, the performance of which was directed by the county court which had charge of the administration of the estate, so the question here is, May an heir to whom property has been transferred from the estate of his father, disaffirm the transaction? Upon this question we are cited to no authority and after considerable search are unable to find any. The rule applicable to conveyances of real property under similar circumstances is that it is presumed to be for the benefit of the heir and therefore accepted by him. However, it has been held in regard to the transfer of stock to an infant heir that he does not .become liable where he has received no benefit. *Brownell v. Adams* (1931), 121 Neb. 304, 236 N. W. 750, 756. See also 7 Michie, Banks and Banking, p. 78, and vol. 2, p. 129.

It appears in this case that at the time the transfer was made the stock had value and was therefore of benefit to the transferee. At that time being an infant and incapable of giving assent to the transaction he might renounce the transfer within a reasonable time after he reached his majority. What is a reasonable time of course depends as in other cases upon all the facts and circumstances of the case. There is nothing to show that he had knowledge of the transfer to him until at or about the time the action was commenced. In his answer he alleged that he was not a

stockholder; that he had not consented to the transfer which was not for his best interest or otherwise acquiesced therein. In the meantime, according to the testimony of the witness Adams, the defendant had inquired of Adams whether he would be interested in a purchase of the stock. This inquiry made after the commencement of the action at a time when the liability upon the stock had already accrued and when it was apparent that an acceptance would create nothing but a liability, cannot be held to conclude the defendant from setting up his defense. It was not an offer, it was a mere inquiry, and under the facts as they then existed, the defendant could scarcely have intended by that act to accept the transfer. The action was begun in February, the answer was filed on May 5th, and under the circumstances of this case it is held that the disaffirmance came within a reasonable time after the defendant had knowledge of the transfer to him. The defendant lived in the city of La Crosse, the bank was located in Vernon county and, so far as the record discloses, the only communication the defendant had either with his former guardian or with the officers of the bank was by correspondence. Consent to a transfer is not so readily presumed as would be an act in ratification of a contract by a minor because in that case the minor would have full and complete knowledge of the transaction. The record does not disclose that the defendant had such knowledge with regard to the transaction by which the stock was issued in his name until more than three years after reaching his majority.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to enter judgment in favor of the defendant dismissing the action upon the merits.

WICKHEM, J., took no part.